Charles KING, Paul Brown, Sammie Lee
Davenport, Ed Dulaney, and Rufus
Mitchell

v.

**GEORGIA POWER COMPANY**

and

Local 84, International Brotherhood of
Electrical Workers.

Civ. A. No. 11723.

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 9, 1968.

Isabel Gates Webster, Atlanta, Ga., Robert L. Carter and Robert F. Van Leirop, New York City, for plaintiffs.

William B. Paul, Constangy & Prowell, Atlanta, Ga., for Georgia Power Co.

Robert L. Mitchell, Bullock, Yancy & Mitchell, Atlanta, Ga., for Local 84, IBEW.

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND STRIKE

SIDNEY O. SMITH, Jr., Chief Judge.

This is a class action pursuant to 28 U.S.C. § 1343 wherein plaintiffs, employees of Georgia Power and members of Local 84, seek injunctive relief and damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. The factual basis for plaintiffs claim of discrimination is allegedly as follows: (1) Plaintiffs are classified by Georgia Power out of the line of progression in all departments, restricting them to labor posts so as to limit their promotional opportunities. (2) Georgia Power administers tests and utilizes other promotion criteria which are not job-related and which are biased against Negroes. (3) Georgia Power maintains segregated comfort facilities. (4) Defendant, Local 84, contracts with Georgia Power for the maintenance of a promotion system that tends to limit the promotional opportunities of Negro laborers and further, Local 84 fails to fairly represent Negro employees. The named plaintiffs filed complaints with the EEOC on April 18, 1966, and June 6, 1966. Service of the charge upon defendants was made on June 20, 1966. On March 3, 1967, the EEOC found reasonable cause to believe that violations of the Act by defendants had occurred. On March 13, 1968, a suit letter was sent to each of the named plaintiffs informing them of their rights to file civil suits. The complaint in the instant case was filed on April 12, 1968.

Defendants have both filed motions to dismiss and/or strike on a number of different grounds. Their separate positions can be summarized as follows.

Georgia Power contends that this action should be dismissed because:

(1) the complaint was not filed within the time required by law, i. e., 90 days after the charge is filed with EEOC, and there is no allegation that the complaint was filed with EEOC within 90 days of the alleged unfair employment practices; (2) there is no allegation that a sworn charge was filed with EEOC; (3) the unlawful employment practices alleged in the complaint are not shown to be embraced within the scope of the prior charge before EEOC, i. e., defendant need not defend on matters outside the charges brought before EEOC; (4) this action may not be maintained as a class action. Finally, Georgia Power moves to strike Exhibit A, which is a copy of the decision of EEOC that reasonable cause existed to believe that Georgia Power had violated Title VII of the Civil Rights Act of 1964.

Defendant Local 84 makes its motion on the above grounds as well as the following:

(1) the complaint fails to set forth a claim against this defendant for the sole basis for such relief would arise out of an alleged contract negotiated by the Union and no copy of such contract is attached to the complaint; (2) the maintenance of a class action under these facts would deprive defendant of due process; (3) plaintiffs have failed to exhaust their contractual

remedies; (4) injunctive relief is forbidden by Norris-LaGuardia.

The Equal Employment Opportunity Commission applied for and is hereby granted leave to file its briefs as *amicus curiae* on the questions raised by defendants' motions to dismiss.

## TIMELINESS OF COMPLAINT

■ The Court can not agree with defendants' position as to the time periods for bringing actions under this Title. While a very small number of courts have agreed with defendants' position, see, e. g., Miller v. International Paper Co., 290 F.Supp. 401 (Nov. 9, 1967, S.D.Miss.) (this decision by Judge Cox is now before the 5th Circuit, Case No. 25,616); Cunningham v. Litton Industries, 56 L C § 9078 (September, 1967, C.D.Calif.), the weight of authority is that the 60-day period, for the investigatory and conciliatory functions of the Commission, is to be accorded a directory rather than a mandatory construction and therefore the crucial requirement is that the civil suit be brought within 30 days of receipt of the suit letter. See, e. g., Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La.1967); Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D. Ala.1967). The failure to allege that the complaint was filed with the EEOC within 90 days of the alleged unfair employment practices is of no importance, for the violations of Title VII alleged in the complaint may be construed as "continuing" acts. If the proof on this matter should show that the violations were not continuing and that the 90 day requirement had not been met, then the motion to dismiss on this ground may be renewed.

## FAILURE TO ALLEGE THAT A SWORN CHARGE WAS FILED WITH EEOC

■ Relying upon the recent case of Choate v. Caterpillar Tractor Co., 274 F.Supp. 776 (S.D.Ill.1967), Georgia

Power contends that an allegation that the charge before the EEOC was made under oath is a condition precedent to the maintenance of a civil action of this nature. For a number of reasons hereinafter stated, this Court can not accept this position. There could be serious doubt as to whether the "under oath" requisite of 42 U.S.C. § 2000e–5(a) imposes any pleading obligations on plaintiffs in a subsequent court proceeding. Unlike the "90-day" and "30-day" time requirements which are recognized as jurisdictional, the verification requirement is merely one of the technical features of pleading before the EEOC.[1] This is in keeping with the general rule that verification of pleadings is not jurisdictional in nature and that this defect can be cured by later verification. See Johnston Broadcasting Co. v. FCC, 85 U.S.App.D.C. 40, 175 F.2d 351 (1949). At the very least plaintiffs should be afforded an opportunity to amend the complaint to allege that the original charge before the EEOC was made under oath.

## SCOPE OF ISSUES LITIGABLE IN DISTRICT COURT AS RELATED TO CHARGE FILED BEFORE EEOC

■ Defendant, Georgia Power, contends, without citation of authority, that it cannot be required in this proceeding to defend against any charges different from or beyond the scope of the charge filed with EEOC. Georgia Power further takes the position that this complaint is insufficient absent such allegations as would allow defendant and the court to determine whether the charges asserted herein are different from, or beyond the scope of, those contained in the administrative charge. Plaintiffs would take the position that the charges are substantially identical, relying upon a comparison of the complaint and Exhibit A. EEOC would view this issue from a different perspective and con-

---

1. This view is supported by the regulations of the EEOC which allow the aggrieved party to amend "to cure technical defects or omissions, including failure to swear to the charge * * *." 29 CFR 1601.11.

tend that the allegations contained in the complaint of this suit may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission. With the limitation herein expressed, the Court must agree with the position of the EEOC. Any other result would be destructive of the beneficent ends of this legislation. It appears that a large number of the charges with EEOC are filed by ordinary people unschooled in the technicalities of the law. As stated in the brief filed by EEOC: "To compel the charging party to specifically articulate in a charge filed with the Commission, the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose. that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected." See United States v. Mayton, 335 F.2d 153 at 161 (5th Cir. 1964) (same problem in a similar context).

> The correct rule is that the complaint in the civil action is confined to those issues the original complaint has standing to raise, but may properly encompass any such discrimination like or reasonably related to the allegations of the charge and growing out of such allegations during the pendency of the case before the Commission.[2]

This rule, broadly speaking, in effect limits the civil action to that range of issues that would have been the subject matter of the conciliation efforts between EEOC and the employer. If the civil action were not so limited, then the primary emphasis of this Title would be

circumvented, i. e., an emphasis upon voluntary settlement of all issues without an action in the District Court. Therefore, it must be emphasized that this Court's holding as to the scope of this action is not based on analogies to NLRB proceedings nor to any deference to the expertise of the Commission but is based on the inherent logic of the stated rule within the statutory scheme heretofore described. As to whether the complaint in the instant case falls within the scope of the issues finally framed by the EEOC, this is question that must await the trial of this case. Georgia Power has given no indication as to how this action in fact goes beyond permissible bounds. Lacking such proof, the Court will not now further consider this question. It should be emphasized that the EEOC is not free to manipulate the scope of a case beyond the bounds herein expressed. The expansion of a particular charge is limited to the issues that a particular complainant has standing to raise, as become evident from the Court's discussion of the class aspects of this case. As an example of such limitation see Colbert v. H-K Corporation, Inc., No. 11599, N.D.Ga. August, 1968.

### ACTION MAINTAINABLE AS A CLASS ACTION

 Unquestionably, class actions are appropriate under Title VII. See, e. g., Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Circuit, 1968, before Circuit Judges Bell, Ainsworth and Godbold). See also, Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (suit under Title II of the Civil Rights Act of 1964). However, serious problems do remain as

---

2. The basis for this rule is clearly stated at footnote 10 of the EEOC brief:

> The practice of the Equal Employment Opportunity Commission is to follow this general principle [recited in the above text] and take evidence, make findings, and seek to obtain relief with respect to those unlawful employment practices which are like and related to the charge filed and which grow out of the proceedings before the Commis-

sion. In order that respondent employers will be susceptible to the conciliation process, we believe there should be consistency between the scope of relief that is available in court and that which is likely to flow from conciliation by the Commission; and that deference should therefore be given the Commission's interpretation of the scope of inquiry.

to whether a particular case constitutes a proper case for a class action and more importantly as to whether particular issues are suited for resolution by a class action. In a suit under Title VII, it is not necessary that all members of the class file charges with the EEOC. See, e. g., Oatis v. Crown Zellerbach Corp., supra. However, a class action is permissible only within certain limits. (1) The class action must meet the requirements of Rule 23(a) and (b) (2). (2) The issues raised by plaintiff must be those issues that he has standing to raise and must be those issues related to the charge filed with the EEOC. (3) Moreover, the members of the class, as opposed to the representative of the class who has filed a charge with the EEOC, must proceed within the periphery of the issues which the plaintiffs, i. e., the representatives, could assert. Ibid. Defendants' arguments do have some validity. Those aspects of the case dealing with individual redress for the past acts of discrimination are not suited for trial as a class action. The aspects of the case dealing with individual acts of discrimination and seeking individual redress do not support a class action. Whereas, some issues are by their nature well suited to disposition in a class action. For example, the desegregation of comfort facilities or other practices that are company wide are particularly suited for trial in a class action. Plaintiffs have sought both general class relief, i. e., injunction against discriminatory practices, and individual relief for specific acts of discrimination, i. e., as to transfer, promotion and back-pay. See the lucid discussion for the rationale underlying class actions attacking a system of discrimination in Potts v. Flax, 313 F.2d 284 (5th Cir. 1963). Due to the nature of pleadings under the federal rules, the Court at this stage in the litigation can only deal in the somewhat general pronouncements made above. Conflicts as to the impact of these generalizations upon particular situations must await the further development of the evidentiary aspects of the case.

## MOTION TO STRIKE
## EXHIBIT A

▆▆▆▆ Defendants have moved to strike from the complaint the decision of the EEOC on the grounds: (1) the decision of the EEOC is irrelevant to the issues in this proceeding and extremely prejudicial to defendants; (2) the provisions of § 2000e–5(a) forbid the mentioning of this decision. 42 U.S.C. § 2000e–5(a) provides in relevant part:

If the Commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. Nothing said or done during and as a part of such endeavors may be made public *by the Commission* without the written consent of the parties, or *used as evidence in a subsequent proceeding.* Any officer or employee of the Commission, who shall make public in any manner whatever any information in violation of this subsection shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned not more than one year.

In a close reading of this section, it appears that the prohibitions therein relate not to the investigation by the Commission, nor to the findings of reasonable cause but to the endeavors attempting to eliminate the alleged unlawful practices by informal methods of conference, conciliation and persuasion. As a matter of pleading, it would not appear that this document is necessary or relevant in stating a cause of action. The Court has already ruled as the extent to which the issues litigable in District Court must relate to the charge filed before the EEOC. However, this is a matter for decision on the trial of this case, through the use of admissible evidence. Motions to strike are not favored under the federal rules, and a portion of the complaint should not be stricken unless the allegations are actually prejudicial

to the adverse party. See, e. g., Augustus v. Board of Public Instruction, etc., 306 F.2d 862 (5th Cir. 1962); 2A Moore's Federal Practice, ¶ 12.21 at 2317 (2d ed. 1967). In the instant case it would appear that Exhibit A would in fact be prejudicial to defendants. It must be remembered that this action is not an appeal from an administrative agency but is a trial de novo.

Accordingly, the motion to strike Exhibit A is granted.

## EXHAUSTION OF CONTRACTUAL REMEDIES AND PRESUMPTION BY LMRA

▮▮▮▮ Initially, the Court rejects Local 84's argument that the complaint fails to state a cause of action because of a failure to attach the collective bargaining contract. This contention is based upon a misconception of the nature and requirements of federal pleadings. The rights within this contract and the proof of discriminatory treatment in the functioning of this contract are evidentiary matters that need not be specifically enumerated in the pleadings. Local 84 argues that the federal labor statutes and the cases thereunder give preference to the contractual settlement of disputes and that the utilization and exhaustion of contractual remedies, i. e., the filing of grievances, are prerequisites to the bringing of a civil suit on such claims, citing Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Defendant misconceives the nature of this action. Plaintiffs do not assert contractual rights as the basis for this action but plaintiffs assert a statutory right against racial discrimination in employment and therefore need only follow the procedures for relief provided in that statute. A case from an analogous area helps illustrate this distinction. In McKinney v. Missouri-Kansas-Texas R. R. Co., 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958), a suit under § 9 of the Universal Military Training and Service Act, the Court held that the petitioner need not pursue remedies available under the grievance procedure set forth in the collective bargaining agreement. "The rights petitioner asserts are rights created by federal statute even though their determination may necessarily involve interpretation of a collective bargaining agreement." Id. at 268, 78 S.Ct. at 1225. The same principles apply in an action under Title VII of the Civil Rights Act of 1964. See, e. g., Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D.Ala.1967); Reese v. Atlantic Steel Co., 282 F.Supp. 905 (N.D.Ga.1967); International Brotherhood of Electrical Workers, Local Union No. 5 v. United States of America Equal Employment Opportunity Commission, 398 F.2d 248 (3rd Cir., July 24, 1968). The above holding disposes also of Local 84's contention that the subject matter of this dispute has been preempted by the Labor Management Relations Act.

## INJUNCTIVE RELIEF FORBIDDEN BY § 6 OF NORRIS-LaGUARDIA

▮▮▮▮ Local 84's argument that this Court lacks jurisdiction to grant an injunction because of § 6 of Norris-LaGuardia is not supported by argument or citation of authority. 42 U.S.C. § 2000e–5(h) provides that Norris-LaGuardia, 29 U.S.C. §§ 101–115, shall not be applicable to civil actions brought under Title VII, thus undercutting any possible basis for the validity of defendant's position on this matter.

## PROCEEDINGS BEFORE EEOC IN VIOLATION OF UNITED STATES CONSTITUTION

▮▮▮▮ Local 84 raises constitutional questions as to two aspects of this case: (1) the class action and (2) failure to have an opportunity to be heard during the EEOC investigative process. These constitutional contentions are quite nebulous and considered to be without merit. Possibly defendant overemphasizes the importance of the proceedings

before the EEOC. Those proceedings were not adversarial in nature and are in no way binding on this Court. The Court has already indicated the very limited extent to which the decision of the EEOC is even relevant in this Court. Moreover, the Court has already discussed the limitations upon the class aspects of this case, thus undercutting defendant's constitutional arguments.

It is so ordered.