Willie C. MOREMAN

v.

**GEORGIA POWER COMPANY and Local 84, International Brotherhood of Electrical Workers.**

No. 12185.

United States District Court, N. D. Georgia, Atlanta Division.

March 13, 1969.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg, Gabrielle Kirk, Vilma Martinez Singer, New York City, for plaintiff.

Robert L. Mitchell, Atlanta, Ga., for Local 84.

Constangy & Prowell, Atlanta, Ga., for Georgia Power Co.

**328**

ORDER ON GEORGIA POWER COMPANY'S MOTIONS TO DISMISS, TO STRIKE, TO EXPUNGE AND TO REWRITE and UNION'S MOTION TO DISMISS

SIDNEY O. SMITH, Jr., District Judge.

This is a class action brought under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff, on behalf of the class, seeks to enjoin the use of pre-employment aptitude tests and the use of a requirement that laborers have a high school diploma or an equivalency certificate before being admitted into lines of progression. Plaintiff asks that he be reclassified and promoted to a position commensurate with his training and experience and also asks for an award of back pay and seniority from the dates he was discriminated against.

██ Most of the issues raised in these motions have been decided by this Court in King v. Georgia Power Co., 295 F.Supp. 943 (N.D.Ga. August 9, 1968). These issues were decided adversely to defendants' positions: (1) timeliness of complaint; (2) failure to exhaust union grievance-arbitration procedures; (3) pre-emption by Labor-Management Relations Act; (4) denial of due process in EEOC proceedings. Moreover, defendants have failed to show that this is an improper case for a class action. The class may challenge the use of pre-employment aptitude tests and the requirement of a high school diploma. The members of the class could not be granted promotions, back pay, or seniority, and no such individual relief has been requested by the class.

██ Defendant Union's objection based on timeliness is a somewhat different matter in that the charge against the Union was filed on May 2, 1968, whereas the charge against Georgia Power was filed on August 15, 1967. However, the claims against the Union are continuing in nature. See Jenkins v. United Gas Co., 400 F.2d 28 (5th Cir. 1968); Culpepper v. Reynolds Metals Co., 296 F.Supp. 1232 (N.D.Ga. December 27, 1968); Banks v. Lockheed-Georgia Co., 46 F.R.D. 442 (N.D.Ga., June 12, 1968). The failure of the Union to protect its members' rights by reworking the contract to delete these matters is by its nature a continuing practice and therefore the charge was not untimely.

██ Finally, defendants move to strike paragraph XI of the complaint, which contains references to the administrative remedies pursued by plaintiff before bringing this action. Motions to strike are not favored under the federal rules, and should not be granted unless allegations are prejudicial to the adverse party. See, e. g., Augustus v. Board of Public Instructions, 306 F.2d 862 (5th Cir. 1962); 2A Moore's Federal Practice ¶12.21 at 2317 (2d ed. 1967). In *King, supra*, it was held that a copy of the EEOC proceedings would be prejudicial. The allegations in paragraph XI relate only to the procedural steps followed by plaintiff. No prejudice appears from this recitation. In fact if such allegations had been omitted, defendants would have more than likely filed a motion to dismiss on that ground. Defendants' motion to strike is denied.

It is so ordered.