**Lloyd BATEMAN, Plaintiff,**

v.

**RETAIL CREDIT COMPANY,
Respondent.**

**Civ. A. No. 13871.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 2, 1970.

Howard Moore, Jr., and Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg and Vilma Martinez Singer, New York City, for plaintiff.

Branch & Swann, Atlanta, Ga., for respondent.

ORDER ON DEFENDANT'S MOTIONS TO DISMISS, TO STRIKE OR FOR MORE DEFINITE STATEMENT

MOYE, District Judge.

This is a class action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq.,

and 42 U.S.C. section 1983, alleging that the defendant discriminates with respect to employment opportunities on the basis of race and color.

Prior to answering, defendant served its motions to dismiss, to strike or for more definite statement, which motions were subsequently renewed following an amendment to the complaint. Those motions are now before the Court for decision.

Defendant first moves to dismiss the complaint for lack of jurisdiction in this Court on the grounds that plaintiff failed to file his complaint in this Court within the 30-day period following receipt of a right-to-sue letter from the Equal Employment Opportunity Commission as required by statute, and that he failed to file with the Equal Employment Opportunity Commission within the required 90-day period a charge alleging illegal disqualification from a job classification.

The amendment to the complaint alleges receipt of the 30-day suit letter from the Equal Employment Opportunity Commission "on or after May 21, 1970," the complaint having been filed on June 18, 1970. Thus, it appears that suit was filed within the required 30-day period. See King v. Georgia Power Company, 295 F.Supp. 943, 946 (D.C.N.D. Ga., 1968).

As to defendant's contention that plaintiff failed to file a charge alleging an illegal disqualification from a job classification with the Equal Employment Opportunity Commission within the 90-day period, the complaint alleges, in paragraphs VII, IX and X, the filing of "timely" complaints with the Equal Employment Opportunity Commission.

In paragraph VI plaintiff alleges an appeal from his disqualification for promotion to Key Punch Operator.

■ If plaintiff's allegations are true, the filing requirements of section 706(d) of the Civil Rights Act of 1964 were tolled. Culpepper v. Reynolds Metal Company, 421 F.2d 888, 891 (5th Cir. 1969).

Plaintiff also alleges in paragraph VI of the complaint that the discrimination alleged herein is "of a continuous nature".

■ While the defendant has filed with its motions the affidavit of John K. Riley, defendant's Assistant Vice President of Personnel, to the effect that defendant has a formal grievance procedure which was not invoked by plaintiff, nevertheless, it appears to the Court that the questions involved are essentially factual, as to which both sides should be permitted to introduce evidence, and defendant's motions to dismiss on the basis of jurisdiction are therefore denied. However, as pointed out in King v. Georgia Power Company, *supra,* if the proof should show that the violations were not continuing, and that plaintiff had not instituted an appeal procedure, then the motions to dismiss may be renewed.

■■ Defendant further moves to dismiss for failure to state a claim upon which class action relief may be granted. Defendant's principal complaint in this regard seems to be with respect to plaintiff's failure to identify the classes or sub-classes of individuals sought to be brought within the action, and further, that since plaintiff was, in fact, hired, he therefore "does not possess the necessary qualifications to represent, as a member thereof, a class of persons whom the Defendant has allegedly refused to hire for discriminatory reasons." On brief, plaintiff claims (pp. 5-6) that he represents "all Black citizens who have been or may be discharged because of race, who are employed or who in the future may be employed, and who have been or will be subject to practices and policies of racial discrimination." Factual identity between plaintiff's circumstances and those of the class he seeks to represent is not necessary, and defendant's motion to dismiss for failure to state a claim for class action relief is denied. Johnson v. Georgia Highway Express, 417 F.2d 1122, 1124 (5th Cir. 1969).

Defendant further moves to strike certain language contained in paragraph VI of the complaint. Since the trial of this action will be nonjury, the language will not be prejudicial to the defendant, and questions with respect to the permissible scope of discovery can more easily be determined when they arise, than by attempting at this time to guess what they may be. The motion to strike is therefore denied.

With respect to defendant's motion for more definite statement, the Court will construe paragraph II of the complaint as claiming class action representation of "all Black citizens who have been or may be discharged (by defendant) because of race, who are employed or who in the future may be employed (by defendant), and who have been or will be subject to practices and policies of racial discrimination," and defendant may frame its answer to the complaint, as amended, in that context. This order does not constitute a determination, pursuant to Rule 23(c) (1) of the Federal Rules of Civil Procedure that the action may be maintained as a class action, which determination the Court will defer until an appropriate time after filing of defendant's answer. The motion for more definite statement is therefore denied.