**Johnnie L. CLARK**

v.

**ATLANTA UNIVERSITY, INC.**

**Civ. A. No. C74–1675A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 31, 1974.

Margie Pitts Hames and Barbara J. Bethune, Atlanta, Ga., for plaintiff.

Byron Attridge and Wm. A. Clineburg, Jr., of King & Spalding, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

In this Title VII suit the plaintiff has moved to strike the defendant's fifth defense from the answer.

The fifth defense reads as follows:

### "FIFTH DEFENSE

"Plaintiff's allegations and claims are groundless, as shown by the finding of the Federal Equal Employment Opportunity Commission that there was no reason to believe that plaintiff's charge of discrimination filed against Atlanta University was true."

The plaintiff has moved to strike this defense in its entirety. In responding to the motion the defendant correctly points out that Rule 12(f) motions to strike are generally disfavored. 2A Moore's Federal Practice ¶ 12.21 (1968).

The proper criteria for ruling on motions to strike allegations in Title VII pleadings have been extensively litigated, and this district has developed the following principle: in a pleading in a Title VII suit it is proper to allege that administrative steps which are a prerequisite to filing suit have or have not been taken. On the other hand, trial of a Title VII suit is a de novo proceeding and the EEOC's evaluation of plaintiff's charges is irrelevant and should not be pled.

Thus motions to strike allegations that a charge was or was not filed with the EEOC, that conciliation was or was

not successfully attempted, or that a right-to-sue letter was or was not issued have generally been denied. Evans v. Local Union 2127, 313 F.Supp. 1354, 1357 (N.D.Ga.1969); Moreman v. Georgia Power Co., 310 F.Supp. 327 (N.D. Ga.1969).

On the other hand, motions to strike pleading setting forth the EEOC's evaluation of plaintiff's charges have generally been granted. King v. Georgia Power Co., 295 F.Supp. 943, 949 (N.D.Ga. 1968); Moss v. Lane Co., 50 F.R.D. 122, 127 (W.D.Va.1970); Hart v. Buckeye Industries, Inc., 46 F.R.D. 61 (S.D.Ga. 1968); but cf. Gordon v. Baker Protective Services, Inc., 358 F.Supp. 867, 873, (N.D.Ill.1973).

Under this rule the court would be obliged to grant the plaintiff's motion. However, those decisions granting motions to strike allegations of the EEOC's evaluation of the plaintiff's charges have been based on the conclusion that the trial of a Title VII case is a trial de novo, that the EEOC's evaluation of the charges is inadmissible at trial, and that therefore such an allegation is irrelevant. King v. Georgia Power Co., 295 F.Supp. 943, 948–949 (N.D.Ga.1968). In opposing the motion to strike the defendant has brought to the court's attention the case of Smith v. Universal Services, Inc., 454 F.2d 154 (5th Cir. 1972). The decision in *Smith* holds that if a proper foundation has been laid, the EEOC's investigation report can properly be admitted into evidence in a Title VII case. In light of this decision the reasoning which supported the *King* opinion is no longer valid and the rule which has been followed in this district must be abandoned. The court therefore finds that an allegation of the EEOC's evaluation of the plaintiff's charges can no longer be deemed to be irrelevant and a motion to strike allegations of such an evaluation must henceforth be denied.