**Gloria R. JACKSON, Plaintiff,**

v.

**Robert NIMMO, Administrator, Veterans' Administration, Defendant.**

**Civ. A. No. 82–C–956.**

United States District Court, D. Colorado.

Feb. 22, 1983.

Sylvian R. Roybal, Denver, Colo., for plaintiff.

Henry L. Solano, Asst. U.S. Atty., Denver, Colo., for defendant.

ORDER

CARRIGAN, District Judge.

Plaintiff, Gloria R. Jackson, has filed this civil rights action, alleging discrimination and constructive discharge in violation of Title VII, 42 U.S.C. § 2000e *et seq.* Jurisdiction is founded on 42 U.S.C. § 2000e–5(f). Defendant, The Veterans' Administration ("VA") Administrator, has filed a motion to dismiss, claiming that Jackson's administrative charge failed to allege constructive discharge, and thus Jackson is barred from filing a judicial complaint asserting constructive discharge. The issues raised by this motion have been thoroughly briefed by both parties, and oral argument would not materially assist in deciding this motion.

Jackson believed that the VA was discriminating against her in early September 1979, and she contacted an EEOC representative. Informal settlement talks between Jackson and the VA were unsuccess-

ful, and Jackson promptly filed an administrative charge. On September 22, 1979, she quit working for the VA. Plaintiff subsequently received a hearing on her charge, and the hearing officer entered his "statement of findings and recommended decision" on July 2, 1981. The hearing officer found that the defendant discriminated against and constructively discharged the plaintiff.

On October 30, 1982, this recommended decision was rejected by the Office of the General Counsel. The General Counsel concluded that the administrative charge did not allege constructive discharge. Therefore, the General Counsel ruled, the hearing officer exceeded the permissible scope of examination when he determined that there was a constructive discharge.

The EEOC then affirmed the General Counsel's ruling, and the plaintiff filed her judicial complaint. The VA now moves to dismiss her complaint. After reviewing the file and the motion to dismiss, several independent grounds lead me to deny the motion to dismiss.

First, I find and conclude that the defendant's hypertechnical pleading argument would thwart the remedial purposes of Title VII, 42 U.S.C. § 2000e *et seq.*

"We must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated. It cannot be doubted that 'a large number of the charges filed with [the] EEOC are filed by ordinary people unschooled in the technicalities of the law.'" *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 463 (5th Cir.1970), *quoting, King v. Georgia Power Co.,* 295 F.Supp. 943, 947 (N.D. Ga.1968).

*See also Oubichon v. North American Rockwell Corporation,* 482 F.2d 569 (9th Cir. 1973); *Jones v. Metropolitan Denver Sewage,* 537 F.Supp. 966 (D.Colo.1982) ("[W]here judicial claims are rooted in the same basis of discrimination specified in the [administrative charge] . . . the court may consider them, notwithstanding the fact that additional aspects of that basis of discrimination are alleged in the complaint." *Id.* at 970); *Taylor v. Safeway Stores, Inc.,* 333 F.Supp. 83 (D.Colo.1971), *aff'd in part and rev'd in part on other grounds,* 524 F.2d 263 (10th Cir.1975).

Second, I find and conclude that the VA is estopped from now asserting that the plaintiff's administrative charge did not adequately allege constructive discharge. Plaintiff participated in informal settlement talks and proceeded before the hearing officer on the assumption that her administrative charge sufficiently stated this claim. If the VA had seasonably challenged the sufficiency of the charge, Jackson could have amended it. Having failed to challenge the sufficiency of Jackson's constructive discharge claim until the Office of the General Counsel was reviewing the charge over three years after it was filed, the VA will not be heard to raise that contention now.

In *Home Savings and Loan v. Nimmo,* 695 F.2d 1251 (10th Cir.1982), the Tenth Circuit articulated the four elements necessary to estop the government. The Supreme Court recently held that Title VII's filing requirement is subject to waiver and tolling when equity so demands. *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Applying the *Home Savings* estoppel requirements in light of *Zipes,* I find and conclude that the VA is estopped from moving to dismiss Jackson's judicial complaint for failure to allege constructive discharge in her administrative charge.

Finally, even if the complaint did not clearly allege constructive discharge, the hearing officer received evidence on constructive discharge. The VA presented evidence in an attempt to prove that Jackson had not been constructively discharged. The hearing officer ultimately determined that Jackson had been constructively discharged, and in doing so the hearing officer, by implication, allowed amendment of the pleadings—if any amendment was neces-

sary—to conform to the evidence. *See e.g.,* Fed.R.Civ.P. 15(b).

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss the complaint is denied. Defendant shall file his answer within ten days after the date of this order.