**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

No. 01-10928

(Summary Calendar)

———————————

MELVIN STEVE PRESTON,

Plaintiff - Appellant,

versus

GOOD NATURE CAFE; DAKA INTERNATIONAL, INC.,

Defendants - Appellees.

Appeal from the United States District Court
For the Northern District of Texas
USDC 3:00-CV-2805-X

March 1, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Melvin Preston filed suit against the Good Nature Cafe and Daka International, Inc.

(collectively, "Daka"), alleging racial discrimination in violation of Title VII of the Civil Rights Act

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of 1964.  42 U.S.C. § 2000e *et seq.* (2000).  In response, Daka filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).  The district court subsequently dismissed two of Preston's Title VII claims for failure to exhaust administrative remedies and also dismissed Preston's remaining claim for lack of standing.  On appeal, Preston renews the claims that he filed in the district court and raises several new grounds for relief under Title VII.  We conclude that the district court correctly granted Daka's motion to dismiss.

Preston filed a complaint with the Equal Employment Opportunity Commission (EEOC) against Daka, his employer.  Preston alleged that he was paid less than white employees with similar or less experience and that African-American applicants generally were being denied employment because Daka would not allow them to fill out employment applications.  The EEOC investigated his claims and issued Preston a right to sue letter.  Preston then filed suit against Daka.  In the district court, Preston pursued his claim that African-American applicants were not permitted to fill out applications for employment.  In addition, he alleged that African-American employees were terminated because they did not "fit the rich white clientele" Daka sought to attract, and that those employees had their notices of separation coded with the letter "B," allegedly standing for black.

Title VII requires that parties exhaust administrative remedies before instituting a suit in federal court.  42 U.S.C. § 2000e-5(f)(1) (2000); *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994).  This requirement is jurisdictional and cannot be waived.  *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990) (per curiam).  Preston must exhaust his administrative remedies on each of his claims before seeking review in federal court.

*Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (explaining that a "racial

discrimination claim is separate and distinct from [a] reprisal claim, and accordingly, [the complainant] must exhaust his administrative remedies on that claim before seeking review in federal court").

Preston raised for the first time in the district court his claim that African-American employees were terminated because they did not "fit the rich white clientele," and that African-American employees who were terminated had the letter "B" listed on their employment forms. Although Preston did not raise these specific factual allegations before the EEOC, he did assert racial discrimination claims in front of that body. We have held that the scope of an EEOC complaint should not be strictly interpreted. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970). Instead, "a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the [EEOC]." *Id.* at 466 (quoting *King v. Georgia Power Co.*, 295 F. Supp. 943, 947 (N.D. Ga. 1968). In other words, the scope of the exhaustion of administrative remedies is coextensive with "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.*

Here, it is possible that Preston's initial allegations of racial discrimination would have lead to an EEOC investigation of Daka's potentially discriminatory employment practices. Thus, Preston's claims of racially discriminatory termination and of racially-coded forms may have been administratively exhausted. Nevertheless, we need not decide this issue because Preston has not challenged the district court's conclusion that his claims were not administratively exhausted on appeal. We have consistently held that a party who fails to contest a trial court's ruling in its opening brief on appeal waives any error regarding that ruling. *See, e.g., Procter & Gamble Co. v. Amway*

*Corp.*, 242 F.3d 539, 555 (5ᵗʰ Cir. 2001) (holding that an appellant abandons all issues not raised and argued in its initial brief on appeal).  By failing to address the district court's conclusion that he had failed to exhaust his administrative remedies with respect to his racial discrimination claims, Preston has abandoned those arguments.

Preston did administratively exhaust his claim that Daka prevented other African-Americans from filling out employment applications.  Nevertheless, this claim must be dismissed because he lacks standing to assert it.  A plaintiff who merely asserts an injury suffered by third parties does not have standing as to that claim.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992) (explaining that "the 'injury in fact' test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured.").  Daka employed Preston, and  thus he is not a member of the class of persons allegedly denied the opportunity to apply for employment. Accordingly, he has not suffered any injury.  Thus, the district court properly dismissed this claim for lack of standing.

Preston also raises several new arguments on appeal.  Because Preston did not assert these claims before the EEOC or in the district court, we will not consider them.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5ᵗʰ Cir. 1994) (en banc) (stating that the court is "limited to the summary judgment record and the plaintiffs may not advance on appeal new theories or raise new issues not properly before the district court to obtain reversal of the summary judgment"); 11 JAMES WM. MOORE ET. AL., MOORE'S FEDERAL PRACTICE ¶ 56.41[3][c] (3d ed. 1997) ("As a general rule, arguments and evidence not presented in the district court in connection with a summary judgment motion are waived on appeal and the appellate court will be unable to consider these materials in its review of the district court's decision.").

For the foregoing reasons, the decision of the district court is AFFIRMED.