**Samuel TAYLOR, Plaintiff,**

v.

**SAFEWAY STORES, INC., Defendant.**

**Civ. A. No. C–3051.**

United States District Court,
D. Colorado.

Aug. 2, 1971.

Kripke, Carrigan & Dufty, P. C., by Kenneth N. Kripke and Douglas E. Bragg, Denver, Colo., for plaintiff.

Holland & Hart, by William C. McClearn and Bruce W. Sattler, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

Alleging discrimination because of race, plaintiff brought suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1969) and Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (1969), for declaratory and injunctive relief, and money damages, on behalf of himself and the class

> of Negro persons who are employed, have been employed, or might have been in the past or will in the future be employed by Safeway * * * throughout the State of Colorado [and] who have been and continue to be or might in the future be adversely affected by the practices complained of herein.

The matter is now before us on defendant's motion to dismiss both claims.

Plaintiff alleges that after several futile attempts, he was finally hired as an order selector at one of Safeway's food distribution centers in Denver, Colorado, on December 1, 1968. He was terminated December 20, 1968, allegedly because of unsatisfactory job performance. Contending that his discharge was racially-inspired, plaintiff filed a complaint with the Colorado Civil Rights Commission on January 16, 1969, in which he asserted:

> Respondents [Alcola and Walker]: as supervisor, as foreman respectively of the warehouse and both as employees and/or agents for [Safeway] discriminated against complainant in the terms, conditions and privileges connected with his employment as order selector by not providing adequate training or supervision in his job and by discharging him from his position on December 20, 1968, such discrimination being based on the complainant's color or race (Negro) and for no other apparent reason.

> [Safeway]: as employer and principal for Respondents [Alcola and Walker] committed or aided and abetted in the commission of the above-described discriminatory employment practice.

On January 23, 1969, Taylor filed a similar charge with the EEOC, which stayed action pending a final determination by the state commission. To support the allegations of racial discrimination he made before both bodies, he complained that he had been hired only reluctantly, that he was given inadequate on-the-job training, that his work-output records were improperly or fraudulently maintained to reflect poor job performance, and that he was fired, denied a transfer and not rehired solely because of his race. He contended Safeway's non-minority employees were not subjected to similar treatment. After its investigation, the Colorado Civil Rights Commission decided there was no probable cause to believe Safeway had committed an unlawful employment practice and dismissed the charge March 13, 1969. In a letter of the same date, addressed to Robert L. Campbell, Vice-President & Division Manager for Safeway, James F. Reynolds, Coordinator of the Colorado Civil Rights Commission, stated that he was disturbed by the possible discriminatory effects of Safeway's system of record-keeping and the paucity of minority managers and employees in the Denver area facilities. He concluded that, while he could take no ac-

tion under existing statutes, he nevertheless deplored Safeway's condonation of possible "acts of discrimination" and invited some response from corporate management. It is unclear whether Safeway made any reply.

Thereafter, the EEOC began its own investigation into:

1. Whether [Safeway] discriminated against [Taylor] with respect to his terms, conditions, or privileges of employment because of his race or color, (Negro);

2. Whether [Safeway] discharged [Taylor] because of his race or color, (Negro).

The EEOC's investigative report began with notations that: Safeway "has 154 stores in the State of Colorado * * * only one (1) [of which] is managed by a Negro;" only 25 of the 500 persons employed at its Denver food distribution center are Negro, despite the center's proximity to a predominantly Negro residential area; and, only one other Negro was employed in the frozen food warehouse where plaintiff worked briefly. The EEOC's case investigator found that Taylor's charges of discrimination were corroborated by Mr. Grant, the other Negro employee at the frozen food warehouse, and by Mr. Potter, Employee Relations Manager, who recognized the racial bias harbored by Taylor's immediate supervisor, Walker, but declined to take any remedial action. Although the investigator made no specific finding or recommendation on plaintiff's charges that considerations of race prompted Safeway to alter his records, deny him a transfer or delay hiring him, he did conclude that it had discriminated against Taylor and discharged him because of his race. The EEOC accepted that report and, on July 17, 1970, found "reasonable cause to believe that [Safeway] engaged in an unlawful employment practice in violation of Title VII. * * *" Attempts to conciliate ultimately proved fruitless and, on March 22, 1971, plaintiff was advised of his right to bring suit here within thirty days. This action was commenced on April 20, 1971.

Taylor's individual claim closely parallels the charges he made before the EEOC and the Colorado Civil Rights Commission. On behalf of the class he seeks to represent, plaintiff asks back pay for past unlawful employment practices and injunctive relief to prevent Safeway from maintaining "a policy, practice custom or usage of [racial] discrimination * * *" with respect to: (1) hiring, terminating and rehiring; (2) training, promoting and transferring; (3) establishing seniority or promotional systems; (4) maintaining employee production records; and, (5) employing supervisory or managerial personnel. Safeway has moved to dismiss plaintiff's claims under both § 2000e and § 1981 for lack of subject matter jurisdiction. In response, Taylor treats that motion as an attack upon the class action portion of his complaint, asserting that the effect of any dismissal on grounds advanced by defendant would be to dismiss claims made on behalf of the class. Accordingly, we shall also consider whether plaintiff has met the threshold requirements for maintenance of a class action specified by Federal Rule of Civil Procedure 23(b).

### I.

Safeway contends that Taylor's complaint contains new and distinct allegations which are not within the charge he originally filed with the EEOC and which cannot, therefore, form the basis for a subsequent lawsuit under Title VII. Inasmuch as we recently considered a similar argument, see Wilkins v. The Electron Corp., Civ. A. No. C-2541 (D.Colo., December 28, 1970), an extended discussion of that issue is unnecessary here. Then, as now, we found persuasive the statement of the court in King v. Georgia Power Co., 295 F.Supp. 943, 947 (N.D.Ga.1968) that:

The correct rule is that the complaint in the civil action is confined to those issues the original complaint has standing to raise, but may properly

encompass any such discrimination like or reasonably related to the allegations of the charge and growing out of such allegations during the pendency of the case before the Commission. (Citations omitted.)

*Accord,* Sanchez v. Standard Brands, Inc., 431 F.2d 455, 465–467 (5th Cir. 1970); Garneau v. Raytheon Co., 323 F.Supp. 391, 393–394 (D.Mass.1971); Sciaraffa v. Oxford Paper Co., 310 F. Supp. 891, 898 (D.Me.1970); *see also* Jenkins v. United Gas Corp., 400 F.2d 28, 30 (5th Cir. 1968); Logan v. General Fireproofing Co., 309 F.Supp. 1096, 1100 (W.D.N.C.1969). *See also* Sciaraffa v. Oxford Paper Co., *supra* at 310 F. Supp. 898:

> [T]he charge [need] provide the Commission [only] with general notice of the matter to be investigated, and * * * the issues properly presented in the subsequent court action may include those which grow out of or are reasonably related to the Commission's investigation. (Citations omitted.)

The virtue of this approach is that it provides the flexibility required to serve the often-conflicting policies of encouraging informal conciliation by the EEOC and safeguarding the Title VII rights of persons

> untutored in the technicalities of the law and who may not, at that time, be able to fully articulate their grievances or be aware of the full panoply of discriminatory practices against them or others similarly situated. * * * Sanchez v. Standard Brands, Inc., *supra* at 431 F.2d 466.

*Accord,* King v. Georgia Power Co., *supra,* 295 F.Supp. at 947; Wilkins v. The Electron Corp., *supra* at 6.

■ Judged by the foregoing standard and viewing the allegations of plaintiff's complaint in the light most favorable to him, we conclude it passes muster. All of plaintiff's charges concern racial discrimination, albeit in different guises, and the claims he raises on behalf of the class vary little from his in-

dividual charges, except they are broader in scope. Moreover, as is clear from Reynolds letter of March 13, 1970, and from the EEOC's report, the Commission was well-aware of possible broad-scale racial discrimination by Safeway. We cannot fault plaintiff for the EEOC's investigative lapse, for to so do would mean that such company-wide unlawful employment practices often could not be challenged at all in court. Therefore, defendant's motion to dismiss will be denied.

## II.

■ Safeway also contends that maintenance of a claim under § 1981 is improper because plaintiff has an adequate remedy under Title VII. We agree. Although § 1981 bars racial discrimination, public or private, by any employer, Young v. International Tel. & Tel., 438 F.2d 757 (3rd Cir. 1971); Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970), cert. denied, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231 (1971); Waters v. Wisconsin Steel Works of Int'l Harvester Co., 427 F.2d 476 (7th Cir.), cert. denied, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), we do not think its reach is limitless. As the Court of Appeals for the Seventh Circuit stated:

> [A]n aggrieved person may sue directly under section 1981 *if he pleads a reasonable excuse for his failure to exhaust EEOC remedies.* We need not define the full scope of this exception here. Nevertheless, we believe that plaintiffs in the case at bar have presented allegations sufficient to justify their failure to [file a] charge * * * before the Commission. (Emphasis supplied.) Waters v. Wisconsin Steel Works of Int'l Harvester Co., *supra* at 487.

Thus, while it is clear that the Civil Rights Act of 1964 did not serve as a repealer for § 1981, *e. g.,* Young v. Int'l. Tel. & Tel., *supra,* 438 F.2d at 760–763, the implication from *Waters* is that a plaintiff must exhaust *all* his remedies under Title VII, including the institution of a civil action in appropriate cas-

es, before he can present similar claims under § 1981. Compelling reasons lead us to accept that view. Were we to entertain claims under § 2000e and § 1981 simultaneously, Title VII would be rendered "a redundancy and in large part an absurdity," Smith v. North American Rockwell-Tulsa Division, 50 F.R.D. 515, 518 (N.D.Okl.1970), for anyone would be free to by-pass the EEOC machinery with impunity, thus rendering impotent Congress' chosen means for dealing with some of our nation's most pressing racial problems. Apt is the statement of the seventh circuit in *Waters*:

> Because of the strong emphasis which Congress placed upon conciliation, we do not think that aggrieved persons should be allowed to by-pass the Commission without good reason. 427 F. 2d at 487.

We hold, then, that until a prospective plaintiff demonstrates the lack of an effective remedy under Title VII, he cannot maintain an action under § 1981. In the circumstances of the present case, Safeway's motion to dismiss Taylor's § 1981 claim must be granted.

### III.

As we noted above, plaintiff thought Safeway's motion to dismiss was, in reality, an attack upon his right to maintain a class action. Because Federal Rule of Civil Procedure 23(c) requires our determination "as soon as practicable" whether continuation of the class action is proper, we shall make that inquiry even though defendant's motion did not technically raise the question. Rule 23(b) contains four requirements for maintenance of a class action: numerosity of parties; commonality of questions of law or fact; adequate representation for the class; and, typicality of claims. While nothing in the record suggests that plaintiff has failed to meet any one of those standards, some further comment may be appropriate in view of our recent decision in White v. Gates Rubber Co., 53 F.R.D. 412 (D. Colo.1971), in which we considered extensively the import of the typicality re-

quirement of Rule 23(a). As we stated in *White, supra* at 415:

> A more reasonable reading of the [typicality] requirement would seem to entail the necessity of demonstrating that there are other members of the class who have the same or similar grievances as the plaintiff. It seems apparent that a claim cannot be typical of the claims of a class if no other member of the class feels aggrieved.
>
> \* \* \*
>
> Since the typicality requirement must be given an independent meaning, we are of the opinion that it requires the plaintiff to demonstrate that other members of the class he purports to represent have suffered the same grievances of which he complains. The plaintiff is required to show that his action meets the prerequisites of a class action. Consequently, it will not be unduly burdensome for the plaintiff to demonstrate the presence of other complaints. How the plaintiff is to meet this burden need not be determined now. *Any method of demonstrating that some members of the class to be represented share the plaintiff's grievances would be acceptable,* whether by affidavit, by enumerating charges filed with the EEOC but not followed by private suits, or by some other means. (Citations omitted and emphasis supplied.)

Taylor met that burden, for the EEOC report corroborated his charges with the statements of Grant and Potter. Moreover, the EEOC chose to characterize the issues broadly as racial discrimination rather than to enumerate plaintiff's individual grievances and concluded its report with the finding that reasonable cause existed to believe Safeway had committed an unlawful employment practice by discriminating on the basis of color. Our threshold determination that this class action may be maintained is, of course, not final and "may be altered or amended before the decision on the merits." Fed.R.Civ.Proc. 23(c).

In light of the foregoing it is therefore

Ordered that defendant's motion to dismiss plaintiff's § 1981 claims be and the same hereby is granted; it is further

Ordered that in all other respects, defendant's motion to dismiss, as to both the individual plaintiff and the class he represents, be and the same hereby is denied.