EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 81–K–1699.

United States District Court,
D. Colorado.

Jan. 19, 1982.

Joseph W. Sims, Jr., Equal Employment Opportunity Commission, Denver Dist. Office, Denver, Colo., for plaintiff.

Richard L. Schrepferman, John R. Webb, Holme Roberts & Owen, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff filed this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. It alleges that the defendant has and is engaging in unlawful employment practices by discriminating impermissibly on the basis of some employees' ages. Defendant's answer includes several affirmative defenses. Plaintiff moved to strike the fourth, fifth, sixth, seventh and eighth defenses. Each party has submitted briefs on this motion, which is now ripe for determination. I deny the motion.

■ F.R.Civ.P. 12(f) provides that I may order stricken from a pleading "any redundant, immaterial, impertinent, or scandalous matter." On such a motion, only allegations that are "so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense" should be stricken. C. Wright & A. Miller, *Federal Practice and Procedure*, § 1380, at 784 (1969). I will consider each of the defenses that plaintiff seeks to have stricken.

### I. RIGHT TO JURY TRIAL

Defendant's fourth defense states, "Plaintiff is not entitled to trial by jury." Plaintiff contends that this defense is "immaterial, insufficient and/or impertinent," citing ADEA section 7(c)(2), 29 U.S.C. § 626(c)(2), which states:

> (2) In an action brought under paragraph (1), a person shall be entitled to a trial by jury of any issues of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action.

Defendant responds that this defense is necessary because plaintiff seeks substantial equitable relief. In *Criswell v. Western Airlines, Inc.*, 514 F.Supp. 384, 393 (C.D.Cal. 1981), the court enunciated which factual issues are to be determined by the jury and which by the court in an ADEA case. Because there may be a similar question on how the issues are to be divided in this case, defendant's fourth defense should not be stricken.

■ The defendant also argues that the statutory language, "a *person* shall be entitled to a trial by jury," indicates a congressional intent to limit the ADEA jury trial right to individual employees and not to grant it to the EEOC. This is contrary to *EEOC v. Western Electric Co.*, 25 EPD ¶ 31,711 (E.D.Mich.1981), where the court concluded that the EEOC was entitled to a jury trial. However, *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965), suggests that a contrary conclusion is also possible. In that case under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219, the court held that

the Secretary of Labor had no right to a jury trial, even though the action contained legal as well as equitable claims. The court concluded that the primary reason for the secretary's suit against the employer was "not to collect a debt owed by an employer to his employee, but to correct a continuing offense against the public interest." *Id.* at 904. Thus, the court held, an action brought by the secretary is primarily equitable and no jury trial right exists. *Id.* at 905. Because section 7(b) of the ADEA, 29 U.S.C. § 626(b), states that it "shall be enforced in accordance with the powers, remedies and procedures" provided in certain sections of the FLSA, the *Jones* decision may be applicable here. In the absence of a clear statutory grant of a right to a jury trial to the EEOC, defendant's fourth defense should not be stricken.

## II.  STANDING—REAL PARTY IN INTEREST

■ Defendant's fifth defense states, "Plaintiff's claims are barred by lack of standing, and because plaintiff is not the real party in interest." Plaintiff moved to strike this defense, arguing that the ADEA clearly grants the EEOC legal authority to bring this action, citing section 7(c)(1), 29 U.S.C. § 626(c)(1), which states that the Secretary of Labor is empowered to enforce the rights of aggrieved employees under the ADEA. Plaintiff further contends that the EEOC, as a federal agency, need not prove direct pecuniary interest to qualify as a real party in interest. Defendant does not contest either of these contentions. Defendant argues, however, that two of the three employees on whose behalf the EEOC has brought suit have failed to file charges with the EEOC, a condition precedent in an EEOC suit.

ADEA section 7(d), 29 U.S.C. § 626(d) states:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary.

That section further directs the secretary to notify the employer upon receipt of an employee complaint and to attempt through "informal methods" to resolve the controversy.

■ Rarely would an EEOC suit be brought on behalf of an employee before that employee had filed some kind of complaint with the EEOC. However, it is unclear whether congress intended to make filing a formal complaint a mandatory prerequisite to an EEOC lawsuit. If the filing requirement exists to insure notice to the employer and to encourage settlement negotiations before a complaint is filed, and both of these occurred, then the defendant cannot argue that the employee's failure to file a formal notice circumvented the statute. However, if the filing requirement served other purposes, or is a mandatory prerequisite, then the defendant's standing claim may have merit. The fifth defense presents an issue of law, and potentially, an issue of fact, and therefore should not be stricken.

## III.  WAIVER, ESTOPPEL, ACQUIESCENCE, AND ACCORD AND SATISFACTION

Defendant's sixth and seventh defenses state that plaintiff's claims are barred by the doctrines of waiver, estoppel, acquiescence, and accord and satisfaction. Plaintiff argues that none of these defenses could apply to the present action. Each doctrine, plaintiff contends, assumes the existence of a prior agreement between the parties. Since there have been no agreements between the EEOC and the defendant, plaintiff argues that these defenses are irrelevant. Finally, plaintiff contends that any prior agreements between Ford and the employees involved in this case were obtained illegally. Therefore, plaintiff seeks to have these defenses stricken.

Ford responds that it may be able to show that it had a prior agreement with Ashton, one of the employees, and that this agreement makes one of these defenses valid.

■ An employee can waive his cause of action under Title VII "as part of a volun-

tary settlement." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52, 94 S.Ct. 1011, 1021, 39 L.Ed.2d 147 (1974). Plaintiff does not contend that similar waivers are not possible under the ADEA, but only that the waiver obtained from Ashton was invalid because it was obtained by coercion. This dispute therefore presents a factual question that cannot be resolved on a motion to strike.

Plaintiff further contends that the use of the doctrine of accord and satisfaction is particularly inappropriate because it suggests that there is a present agreement to resolve a prior agreement or injury, a factual pattern that is not present here. Defendant responds that it has asserted the accord and satisfaction defense only as an attempt to define a possible effect of its purported agreement with Ashton. While it appears that Ford has merely used the doctrine to cover as much legal ground as possible, a finding that a particular doctrine might be inappropriate is insufficient to grant a motion to strike.

### IV. FAILURE TO MITIGATE DAMAGES

Defendant's eighth defense states that, "Plaintiff's claims are barred by failure to mitigate damages, if any." Plaintiff contends that it, an agency of the federal government with no pecuniary interest in this suit, cannot be required to mitigate damages. Defendant argues, however, that if the plaintiff can prove that Ford forced Ashton's early retirement, then Ashton would have had a duty to mitigate his damages.

██ Employees bringing suit under the ADEA may, indeed, be obligated to show an attempt to mitigate damages. *See, e.g., Coates v. National Cash Register, Co.*, 433 F.Supp. 655, 662 (E.D.Va.1977). It is not settled whether the EEOC is under the same obligation, although the nature of the suit here would suggest that it is. An EEOC action under the ADEA is defined as an action "to enforce the right of [the] employee." Section 7(c)(1), 29 U.S.C. § 626(c)(1). Damages recovered by the EEOC are recovered on behalf of the employee. See FLSA section 16, 29 U.S.C. § 216(c). Because the EEOC action is in part an action on behalf of Ashton, the issue of Ashton's duty to mitigate damages may be relevant. This defense therefore should not be stricken.

While I do not at this time express any view on the ultimate disposition of the issues raised in the defenses that are the subject of this motion, I conclude that all are sufficiently cognizable that they should not be stricken and that the motion to strike is without merit. It is therefore

ORDERED that plaintiff's motion to strike is denied.