537 F.Supp. 292 (1982)
Agnes M. CRUZ, Helen T. Puryear, Mary Gutierrez, and Teadora A. Corral, Plaintiffs,
v.
The BOARD OF EDUCATION FOR the CITY OF TRINIDAD SCHOOL DISTRICT NO. 1, Trinidad, Colorado and Sam Madrid, Alfredo Malespini, Mamie Rope, Harry R. Sayre, Faye Underwood, Anthony Abeyta, Carl DeBono, Louise Terry, and Jack Dalton, individually and in their official capacities as members of the Defendant Board of Education, Defendants.
Civ. A. No. 80-K-902.
United States District Court, D. Colorado.
April 5, 1982.
*293 Israel Galindo, Susan E. Perry, Denver, Colo., for plaintiffs.
Gerald A. Caplan, Alexander Halpern, Caplan & Earnest, Boulder, Colo., for defendants.

MEMORANDUM OPINION AND ORDER
KANE, District Judge.
This is an action for declaratory, injunctive and monetary relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981 and the Fourteenth Amendment to the United States Constitution, alleging employment discrimination on the basis of national origin. This court has jurisdiction to hear these claims pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1337, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 1331(a), respectively.
The plaintiffs, all of whom are of hispanic ancestry, claim that the defendants have engaged in a pattern and practice of discrimination since 1974. Specifically, the plaintiffs claim that the defendants repeatedly refused to hire them for teaching positions for which they were otherwise qualified and instead hired lesser qualified white persons. This case is now before me on the defendants' motion for partial summary judgment pursuant to rule 56(b), F.R. Civ.P. The defendants advance three arguments in support of their motion: (1) All of the plaintiffs' claims filed beyond either the Colorado Civil Rights Commission's (hereinafter "CCRC") 180-day limitations period or the federal Equal Employment Opportunity Commission's (hereinafter "EEOC") extended 300-day limitations period, are time-barred; (2) This court lacks jurisdiction over the plaintiffs' claims that are not specifically within the scope of their charges before the EEOC; and (3) The plaintiffs' claims that the defendants discriminated against them by hiring Darlene Gill, a white person with lesser qualifications, for the position of bilingual supervisor, fail to state *294 claims upon which relief may be granted since the named defendants did not make that employment decision.
For the reasons expressed in this opinion, the defendants' motion for partial summary judgment is granted in part and denied in part.

I. TIMELINESS OF ADMINISTRATIVE COMPLAINTS
When congress enacted Title VII it included certain mandatory administrative procedures with distinct time limitations for bringing employment discrimination claims. Among those procedures is the requirement of timely filing of charges before the EEOC as a prerequisite to maintaining a Title VII action in federal district court. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); Romero v. Union Pac. R.R. Co., 615 F.2d 1303, 1311 (10th Cir. 1980). 42 U.S.C. § 2000e-5(e) provides that:
A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.
42 U.S.C. § 2000e-5(c) further provides that:
In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.
These two statutory provisions together require that parties in states with statutory and administrative mechanisms for processing employment discrimination claims first seek relief through the state agencies. In such states, commonly referred to as "deferral" states, see Hall v. Bd. County Com'rs of Frederick County, 509 F.Supp. 841, 844 (D.Md.1981), an aggrieved party may not file a charge with the EEOC until 60 days after proceedings are commenced in the state unless such proceedings have been earlier terminated. Further, the extended 300-day filing or limitation period for filing charges before the EEOC is applicable in all deferral states. Colorado is such a deferral state, having its own fair employment practices agency, the Colorado Civil Rights Commission ("CCRC"). See C.R.S. Title 24, Art. 34 (1973) as amended.
*295 These statutory provisions raise several questions about the interaction of the state and federal enforcement schemes. Recognizing that lay persons might be confused by the availability of dual enforcement mechanisms, the EEOC developed a procedure for referring complaints to state agencies while simultaneously holding them in "suspended animation"  ready to be formally filed as charges at the close of either the state proceedings or the 60-day period mandated by § 2000e-5(c). The Supreme Court specifically approved this procedure in Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), over objections that it constituted a manipulation of the filing date not sanctioned by the applicable state statute or regulations. See E.E.O.C. v. Delaware Trust Co., 416 F.Supp. 1040, 1042 (D.Del.1976).
Further, the Supreme Court has held that an action is not deemed "filed" with the EEOC until the end of the state "deferral period" (either 60 days or at the close of state proceedings). Mohasco Corp. v. Silver, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Accordingly, a party's attempt to file charges with the EEOC before the end of the state deferral period does not toll the 300-day extended period for filing charges before the EEOC in deferral states. The Mohasco holding is directly contrary to the Tenth Circuit's previous rule which had permitted such tolling. See Vigil v. American Tel. & Tel. Co., 455 F.2d 1222, 1224-25 (10th Cir. 1972).
The instant controversy raises two additional questions about the proper interpretation of §§ 2000e-5(c) and (e) and the interaction of the state and federal enforcement schemes. First, the defendants claim that all of the plaintiffs' claims that were filed with the CCRC beyond the six month, presumably 180-day, state filing period, see C.R.S. § 24-34-307(15) (1973) recodified in 1979 as § 24-34-403 (1981 Cum.Supp.), are time-barred, regardless of whether they were filed with the EEOC within the 300-day extended filing period provided in § 2000e-5(e). Second, the defendants claim that the Supreme Court's holding in Mohasco should be given retroactive effect and should therefore bar the plaintiffs' claims that would otherwise be timely under the Tenth Circuit's previous "tolling" rule in Vigil v. American Tel. & Tel. Co., 455 F.2d at 1224-25.
The plaintiffs had first attempted to file their charges with the EEOC instead of the CCRC. The EEOC therefore, transmitted the charges to the CCRC and then held the charges in "suspended animation" for 60 days to allow the state to act under the procedure approved in Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). The following table reflects the defendants' arguments that the plaintiffs' various claims should be time-barred.

 Date of Employment Number
 Date Decision to Hire Allegedly of Intervening Reason That Claim
 of legedly Lesser Qualified Days is Allegedly Time-Barred
 Plaintiff Charge White
 Cruz 1/29/79 11/28/78 (Gill) 62 -
 10/24/78 (Galasso) 97 -
 6/08/78 (Simpleman) 235 State 180-day pd
 3/24/78 (Arant) 311 State 180-day pd &
 Fed. 300-day pd
 8/15/77 (Saracino) 532 Fed. 300-day pd &
 State 180-day pd
 Gutierrez 1/29/79 11/28/78 (Gill) 62 -
 9/13/78 (Gongora) 138 -
 7/25/78 (Corsentino) 188 State 180-day pd
 6/08/78 (Simpleman) 235 State 180-day pd
 3/24/78 (Arant) 311 State 180-day pd &
 Fed. 300-day pd
 8/15/77 (Saracino) 532 Fed. 300-day pd &
 State 180-day pd

*296
 Corral 3/02/79 11/28/78 (Gill) 94 -
 7/25/78 (Corsentino) 220 State 180-day pd
 State 180-day pd
 6/08/78 (Simpleman) 267 & Mohasco rule
 3/24/78 (Arant) 343 State 180-day pd &
 Fed. 300-day pd
 8/15/77 (Saracino) 564 State 180-day pd &
 Fed. 300-day pd
 7/20/76 (Keuchman) 955 State 180-day pd &
 Fed. 300-day pd
 1976 (Negrini) Over 2 yrs State 180-day pd &
 Fed. 300-day pd.
 1974 (Regusa) Over 4 yrs State 180-day pd &
 Fed. 300-day pd
 Puryear 1/29/79 11/28/78 (Gill) 62 -
 10/24/78 (Galasso) 97 -
 7/25/78 (Corsentino) 188 State 180-day pd
 6/08/78 (Simpleman) 235 State 180-day pd
 3/24/78 (Arant) 311 State 180-day pd &
 Fed. 300-day pd
 2/28/78 (DeBono) 335 Fed. 300-day pd &
 State 180-day pd
 8/15/77 (Saracino) 532 Fed. 300-day pd &
 State 180-day pd

First, there is no question that all of the plaintiffs' claims in which the number of intervening days between the employment decision and the charge exceeded 300 days are barred by the extended 300-day filing period in 42 U.S.C. § 2000e-5(e). The defendants' motion for partial summary judgment on these claims is therefore granted. The other allegedly barred claims require greater consideration.

A. EFFECT OF THE FAILURE TO FILE WITHIN THE STATE FILING PERIOD
The defendants cite the Tenth Circuit's decision in Dubois v. Packard Bell Corp., 470 F.2d 973, 975 (10th Cir. 1973), in support of their position that the failure to file charges with the state agency within the state filing period precludes the use of the extended 300-day federal filing period. In Dubois, the Tenth Circuit held that the New Mexico Human Rights Commission's rejection of the plaintiff's charge as untimely under state law was not a "termination of state proceedings" which would invoke the extended federal filing period. The circuit court cited Title VII's deferral provisions' legislative history which expressed a congressional intent to guarantee that states be given every opportunity to employ their expertise and experience before federal agencies are resorted to. The circuit reasoned:
To accept appellant Dubois' contentions would enable a claimant to completely bypass state proceedings in favor of federal proceedings by simply waiting until the state is prevented by statutes or regulations from considering the claim, and then utilizing the extended filing provisions of subsection (d)  a result which flies in the face of the congressional intent.
Id. at 975.
However, Dubois' continuing validity is doubtful in light of the Supreme Court's *297 decision in Oscar Meyer Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). In Oscar Meyer, the court interpreted § 14(b) of the Age Discrimination in Employment Act of 1967, (hereinafter "ADEA"), 29 U.S.C. § 633(b), which the court noted was "patterned after" and "virtually in haec verba" with § 706(c) of Title VII, 42 U.S.C. § 2000e-5(c). Id. at 755, 99 S.Ct. at 2071. The court stated at the outset that:
Since the ADEA and Title VII share a common purpose, the elimination of discrimination in the work place; since the language of § 14(b) is almost in haec verba with § 706(c), and since the legislative history of § 14(b) indicates that its source was § 706(c), we may properly conclude that Congress intended that the construction of § 14(b) should follow that of § 706(c).
Id. at 756, 99 S.Ct. at 2071. The court then held, relying on comparisons to Title VII, that resort to state agencies in deferral states is mandatory and not optional under the ADEA.
The court further held that a party's failure to file a state charge within a state's filing period does not affect the availability of a federal right of action. Id. at 759, 99 S.Ct. at 2073. The court observed that § 14(b), like § 706(c) of Title VII, requires only that state proceedings be "commenced" 60 days before federal proceedings are instituted, and the use of the word "commenced" strongly implies that state limitation periods are irrelevant. This implication is made express by the provision in § 14(b), also contained in § 706(c), that if a state authority imposes requirements "other than the requirement of the filing of a written and signed statement of facts upon which the proceeding is based," the proceeding shall be deemed to have "commenced" at the time such statement is sent by registered mail to the appropriate state authority. State limitation periods are requirements other than that specified in § 14(b) and therefore, even if a state were to make timeliness a precondition for commencement, a state proceeding will be deemed commenced as soon as the complaint is filed. Id. at 759-62, 99 S.Ct. at 2073-2074.
The court noted that congress defined the term "commenced" in § 706(c) of Title VII as requiring the filing of a state complaint and nothing more, due to its concern that "localities hostile to civil rights might enact sham discrimination ordinances for the purpose of frustrating the vindication of federal rights." Id. at 763, 99 S.Ct. at 2075.
Finally, the court explicitly rejected the rationale advanced by the Tenth Circuit in Dubois that parties would deliberately bypass state proceedings by waiting until the state is prevented from considering a charge due to the state limitations period.[1] The court stated:
No reason suggests itself, however, why an employee would wish to forgo an available state remedy. Prior resort to the state remedy would not impair the availability of the federal remedy, for the two are supplementary, not mutually exclusive. A complainant would save no time by bypassing the state remedy since the federal court must, in any event, defer to the State for 60 days, and is required to defer no longer.
Id. at 764.
Accordingly, the defendants' motion for partial summary judgment on the plaintiffs' claims filed beyond the state limitations period but within the federal extended period is denied.

B. RETROACTIVITY OF MOHASCO CORP. v. SILVER

The plaintiffs contend that although Mohasco definitively established that parties in *298 deferral states may not "file" complaints before the EEOC until the expiration of the states' deferral periods, the case should only be given prospective application or application to charges filed after it was decided on June 23, 1980. To my knowledge, the only case to address this issue is Wiltshire v. Standard Oil Co. of Cal., 652 F.2d 837, 840-842 (9th Cir. 1981).[2] In Wiltshire, the Ninth Circuit, relying on a thorough analysis of the leading case on retroactivity, Chevron Oil Co. v. Hudson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), held that Mohasco should be given only prospective application.
In Chevron Oil Co., the Supreme Court enumerated three criteria for determining whether a case should be applied retroactively: (1) whether the decision established a new principle of law; (2) whether retroactive application will further or retard the purposes of the rule involved; and (3) whether retroactive application of the rule would be inequitable. Chevron Oil Co., 404 U.S. at 106-07, 92 S.Ct. at 355.
The Ninth Circuit in Wiltshire found that each of the three criteria in Chevron Oil Co. weighed heavily against the retroactive application of Mohasco. I am persuaded by the Ninth Circuit's analysis and I note further that the first retroactivity criterion weighs more heavily against a retroactive application of Mohasco in the instant case since Mohasco overruled the previous rule in the Tenth Circuit which permitted a "tolling" of the 300-day extended period. See Vigil, 455 F.2d at 1224-25. Accordingly, the defendants' motion for partial summary judgment on the plaintiff's claim, due to the Mohasco rule is denied.

II. SCOPE OF CHARGES FILED BEFORE THE EEOC
The defendants claim that all of the plaintiffs' claims involving discriminatory employment decisions which were not specifically referred to in the charges filed before the EEOC should be dismissed. The plaintiffs' charges before the EEOC are as follows:
Agnes Cruz: Employment of Rose Galasso as Title 1 Remedial Teacher on October 12, 1978. Also, one or perhaps two other, unidentified instances where she applied and whites were hired.
Mary Gutierrez: Employment of Rose Galasso. Also three or perhaps four other, unidentified instances where she applied and whites were hired.
Teadora Corral: Employment of Jackie Simpleman as Title 1 Remedial Teacher. The charge also references an unidentified employment of an Elementary Grade School Teacher and two unidentified instances occurring sometime during the years 1974 through 1978.
Helen Puryear: Employment of Darlene Gill as Bilingual Supervisor of the BOCES and of Eli DeBono as Science and Physical Education Teacher.
The leading case on the extent to which allegations in the EEOC charge might serve as a limitation on the scope of a subsequent Title VII suit is Sanchez v. Standard Brands Inc., 431 F.2d 455 (5th Cir. 1970). See generally Schlei & Grossman, Employment Discrimination Law, Ch. 30 (1976). In Sanchez, the Fifth Circuit held that the judicial complaint "may encompass any kind of discrimination like or related to allegations contained in the charge growing out of the case before the commission." Id. at 466. In Taylor v. Safeway Stores, Inc., 333 F.Supp. 83, 85-86 (D.Colo.1971), then Chief Judge Arraj of this district elaborated on and explained the Sanchez rule. He stated:
[T]he charge [need] provide the Commission [only] with general notice of the *299 matter to be investigated, and * * * the issues properly presented in the subsequent court action may include those which grow out of or are reasonably related to the Commission's investigation. (Citations omitted.)
The virtue of this approach is that it provides the flexibility required to serve the often-conflicting policies of encouraging informal conciliation by the EEOC and safeguarding the Title VII rights of persons
untutored in the technicalities of the law and who may not, at that time, be able to fully articulate their grievances or be aware of the full panoply of discriminatory practices against them or others similarly situated. * * * Sanchez v. Standard Brands, Inc., supra at 431 F.2d 466.
Courts have extended Sanchez to permit consideration of claims rooted in the same basis of discrimination specified in the charge, see e.g., McBride v. Delta Airlines, 551 F.2d 113, 115 (5th Cir.) vacated on other grounds, 434 U.S. 916, 98 S.Ct. 387, 54 L.Ed.2d 273 (1977) (Charge of individual discharge "would certainly have required review of any racially discriminatory practices within Delta's large and complex personnel structure"); Ruhe v. Philadelphia Inquirer, 14 FEP 1304 (E.D.Pa.1975) (Charge alleging failure to refer females because of sex sufficient to support complaint alleging sex discrimination in employment, counseling, acceptance of discriminatory job orders and publication of discriminatory advertisements); Younger v. Glamorgan Pipe & Foundry Co., 310 F.Supp. 195, 198 (W.D.Va. 1969) ("It is contended that certain of the allegations in the complaint were not presented to the EEOC for conciliation and are not now justiciable in this court. Paragraph 6 of the complaint unequivocally alleges racial discrimination. Thus racial discrimination having been timely placed in issue, any facet of the same is now properly before this court for adjudication"), claims occurring subsequent to the filing of the EEOC charge which are part of a "chain of related actions" see e.g., Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973), and even to claims alleging a different basis of discrimination than that alleged in the charge, see, e.g., Latino v. Rainbo Bakers Inc., 358 F.Supp. 870, 871-72 (D.Colo.1973) (Suit alleging sex discrimination permissible where charge alleged only national origin discrimination).
In the instant case, the plaintiffs' allegedly defective claims involving employment decisions not clearly specified in the EEOC charges, not only involve allegations of discrimination on the same basis alleged in the charge (national origin) but are also part of the same continuing discriminatory pattern and practice of hiring lesser qualified white persons. Clearly these claims "grow out of" and are "reasonably related to" the charges before the commission and the commission's investigation. Accordingly, I hold that all of the plaintiffs' claims are properly within the scope of their charges and the defendants' motion for partial summary judgment on this point is denied.

III. EMPLOYMENT DECISION TO HIRE DARLENE GILL
Each of the plaintiffs claim that she was discriminated against in the decision to employ Darlene Gill  an allegedly lesser qualified white person  for the position of bilingual supervisor for the South Central Board of Cooperative Education Services (hereinafter "BOCES"). The defendants move for partial summary judgment on the claims involving the Gill employment decision, alleging that BOCES rather than the defendant-school district made that decision. A BOCES is an educational services body established by the boards of education of two or more school districts. See C.R.S. Title 22, Art. 5 (1973). A BOCES is also an independent body with the power and duty to employ all personnel necessary for its operation. See C.R.S. § 22-5-107 (1973).
In support of their argument, the defendants cite the affidavit of Michael Pando, the executive director of BOCES, who stated that the BOCES board made its own evaluation of the applicants and an independent *300 decision to employ Darlene Gill. However, the plaintiffs cite the deposition testimony of Charles Lochard, the superintendent of the school district, who described the school district's hiring process (Tr. 5) and indicated that BOCES positions in his school district were filled using basically the same format (Tr. 46).
Pando's affidavit read in light of Lochard's deposition testimony, raises a genuine issue of fact regarding the responsibility for the Gill employment decision. Accordingly, the defendants' motion for partial summary judgment on this last ground is denied.[3]
The following claims remain to be tried:

 PLAINTIFF EMPLOYMENT DECISION
 Cruz 11/28/78 (Gill)
 10/24/78 (Galasso)
 6/08/78 (Simpleman)
 Gutierrez 11/28/78 (Gill)
 9/13/78 (Gongora)
 7/25/78 (Corsentino)
 6/08/78 (Simpleman)
 Corral 11/28/78 (Gill)
 7/25/78 (Corsentino)
 6/08/78 (Simpleman)
 Puryear 11/28/78 (Gill)
 10/24/78 (Galasso)
 7/25/78 (Corsentino)
 6/08/78 (Simpleman)

NOTES
[1] Some federal courts have distinguished the Tenth Circuit's holding and reasoning in Dubois in situations, such as in the instant case, where a state nevertheless proceeds to process an untimely state complaint. See e.g., E.E.O.C. v. Delaware Trust Co., 416 F.Supp. 1040, 1044 (D.Del.1976); Ortega v. Construction & General Lab. U. No. 390, 396 F.Supp. 976, 982 (D.Conn.1974). In these situations, the rationale expressed in Dubois of ensuring that states be given an opportunity to process such complaints is not frustrated since the states have taken the opportunity to process those complaints notwithstanding the state time bars.
[2] In Wiltshire, the Ninth Circuit also rejected the argument, not raised by the defendants in the instant case, that the failure to file a state complaint within 180 days, regardless of the state limitations period, precludes the availability of the extended 300-day federal filing period. Compare Silver v. Mohasco Corp., 602 F.2d 1083, 1087 (2d Cir. 1979) rev'd on other grounds, Mohasco Corp. v. Silver, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) and Doski v. M. Goldseker Co., 539 F.2d 1326, 1329-33 (4th Cir. 1976) with Olson v. Rembrant Printing Co., 511 F.2d 1228, 1233 (8th Cir. 1974) (en banc).
[3] For a discussion of the standards for ruling on a summary judgment motion pursuant to Rule 56, F.R.Civ.P., see Laymon v. McComb, 524 F.Supp. 1091, 1094 (D.Colo.1981).