Raymond J. DONOVAN, Secretary of Labor, Plaintiff,

v.

HOME LIGHTING, INC., and Boris G. Outkin, Defendants.

Civ. A. No. 81–K–1614.

United States District Court,
D. Colorado.

April 6, 1982.

Ann M. Noble, Robert J. Lesnick, Dept. of Labor, Denver, Colo., for plaintiff.

HayDen W. Kane, Kane, Donley & Wills, Colorado Springs, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action pursuant to §§ 15(a)(2) and (a)(5) of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 215(a)(2) and (a)(5), to enjoin the defendants from failing to compensate employees at minimum wage, failing to compensate overtime work at the overtime rate, failing to maintain adequate time records and by continuing to withhold unpaid minimum wages and overtime compensation. This court has jurisdiction over these claims pursuant to 29 U.S.C. § 217 which provides jurisdiction over actions by the Secretary of Labor (hereinafter "secretary") to enjoin violations of 29 U.S.C. § 215, including violations of 29 U.S.C. § 215(a)(2).

The defendants have made a demand for a jury trial pursuant to rule 38(a), F.R. Civ.P. This matter is now before me on the secretary's motion to strike the defendants' demand for a jury trial pursuant to rule 39(a)(2), F.R.Civ.P.

Rule 38(a) does not undertake to define the cases in which there is a right to jury trial but merely states that the right "as declared by the Seventh Amendment to the United States Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Since the FLSA does not explicitly provide for jury trials, the defendants must be relying on the seventh amendment for the assertion of this right.

The question of whether the seventh amendment guarantees a right to jury trial in a particular case depends on the nature of the issues to be tried rather than the character of the overall action. *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Specifically, if the issue, in the context in which it arises would have been heard by a jury at common law in 1791, when the seventh amendment was adopted, or more accurately, in 1938 when law and equity were merged, it is now triable of right to a jury. Wright & Miller, *Federal Practice & Procedure*: Civil § 2302, pp. 14–15 (1971); *see Orenstein v. United States*, 191 F.2d 184, 189–90 (1st Cir. 1951).

There is no seventh amendment right to jury trial if, viewed historically, the issue would have been tried in the courts of equity or if otherwise it would have been tried without a jury. *See Howard v. United States*, 214 F.2d 759, 762 (10th Cir. 1954). Where a case presents both legal and equitable issues, it is for the jury to decide the legal issues and for the court to decide the equitable issues. *Simmons v. Avisco, Local 713 Textile Workers Union of America*, 350 F.2d 1012, 1018 (4th Cir. 1965).

The instant case raises questions regarding the application of these principles. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), allows employees to sue for unpaid minimum wages or overtime compensation. Although such an action was, strictly speaking, unknown to the common law, it is

sufficiently similar to an action of assumpsit or debt that courts have held that there is a seventh amendment right to trial by jury. *See, e.g., Martin v. Detroit Marine Terminals, Inc.,* 189 F.Supp. 579, 581–82 (E.D.Mich.1960); *Olearchick v. American Steel Foundries, Inc.,* 73 F.Supp. 273, 276–80 (W.D.Pa.1947).

■ However, the provision utilized in the instant case, § 17 of the FLSA, 29 U.S.C. § 217, allows the secretary to sue for an injunction to prevent violations of the act. To the extent that this looks only to future violations, there is no difficulty; this is a traditional action for an injunction and there is no right to jury trial. *Wirtz v. Jones,* 340 F.2d 901, 902 (5th Cir. 1965). Section 17 also provides that an injunction may restrain the withholding of payment of minimum wages or overtime compensation found by the court to be due to employees. In those situations, the secretary's injunction pursuant to § 17 is a means for compelling payments to the employees that otherwise could be recovered only if the employees brought their own suit under § 16. Indeed § 16(b) provides that an employee's right to sue on his own behalf terminates if the secretary brings an action under § 17 and seeks restraint of any further delay in the payment of unpaid minimum wages or overtime compensation.

■ This pattern has led a number of employers to claim that they are entitled to jury trials in actions of this kind under § 17. The courts have not agreed. See *Wright & Miller* at § 2308, pp. 44–45 and cases cited therein at n.49. It is reasonably clear from the legislative history of the 1961 amendments to the FLSA that congress did not intend to provide for jury trials in actions under § 17 and the courts have adopted this interpretation. *Id.* As stated by the Fifth Circuit in the leading case in this area:

> * * * the purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest. It is true that as a result, money may

pass from the employer into the pocket of the employee, or if he is not available, then into the coffers of the United States Treasury, but that enforced payment, which must be made even if the employee or his representatives or heirs no longer exist to claim it, is simply a part of a reasonable and effective means which Congress, after trial and error, found it necessary to adopt to bring about general compliance with [the act].

*Wirtz v. Jones,* 340 F.2d at 904.

Accordingly, the plaintiff's motion to strike the defendants' demand for a jury trial is granted.