EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 81–K–1699.

United States District Court,
D. Colorado.

Feb. 11, 1983.

See also, D.C., 529 F.Supp. 643.

Joseph W. Sims, Jr., E.E.O.C., Denver District Office, Denver, Colo., Justin S. Lisser, E.E.O.C., Office of General Counsel, Washington, D.C., for plaintiff.

John R. Webb, Holme, Roberts & Owen, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This Age Discrimination in Employment Act case is again before me on pending motions. Defendant has filed four motions which have been briefed and are ripe for determination: (1) Renewal of Motion for Partial Summary Judgment filed on or about February 8, 1982; (2) Defendant's Motion to Strike Plaintiff's Demand for Jury Trial; (3) Motion to Bifurcate Trial; and (4) Defendant's Motion *in Limine.* A previous order in this case has been published at 529 F.Supp. 643 (1982).

## RENEWAL OF MOTION FOR PARTIAL SUMMARY JUDGMENT

On February 9, 1982, defendant filed a motion for partial summary judgment "as to all matters concerning alleged age discrimination against Russell Ashton ..." By order of March 8, 1982, the motion was denied without prejudice to permit necessary discovery. It is this motion that has been renewed. Defendant seeks summary judgment as to the claims of Ashton arguing that it had legitimate, nondiscriminatory reasons for its actions. At the time of the reduction in force in 1979, Ashton had the lowest performance rank of eight department managers in the Denver district office. A newsletter concerning a possible reduction in force had been circulated and it warned employees that it was the performance rank, not seniority or any other factor that would determine which employees would be demoted or subject to layoff if such a course of action became necessary. The motion requests a finding that the plaintiff is barred from challenging Ashton's evaluation as discriminatory because (1) Ashton's discrimination charge made no claim of a discriminatory evaluation and (2) the EEOC is time barred to allege that Ashton's evaluation ratings were discriminatorily based on age.

Summary judgment, pursuant to F.R. Civ.P. 56 is a drastic remedy, *Jones v. Nelson,* 484 F.2d 1165, 1168 (10th Cir.1973), and is appropriate only where there exists no genuine issue of material fact. *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 157–159, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1383 (10th Cir.1980). All pleadings, affidavits, and interrogatories must be construed liberally in favor of the party against whom the motion is made. *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980). Under the rule, no margin exists for disposition of factual issues, and it does not serve as a substitute trial of the case nor require the parties to dispose of the litigation through affidavits. *Commercial Iron & Metal Co. v. Bache & Co.,* 478 F.2d 39, 41 (10th Cir.1973).

Defendant asserts that Ashton's discrimination charge made no claim of a discriminatory evaluation, but objected *"only* that certain named employees, who were not demoted, had less seniority, experience or both." Defendant contends that because an age discrimination trial must be limited to the scope of the discriminatory acts alleged in the EEOC charge, plaintiff may not now assert a claim challenging Ashton's evaluations as discriminatory. Plaintiff argues that defendant is attempting to place an "untenable burden" on the charging party by requiring him to know in detail the procedural requirements for processing a case under the ADEA.

I have discussed the scope of the EEOC charges in *Cruz v. Board of Education for City of Trinidad School District,* 537 F.Supp. 292, 298 (D.Colo.1982). Although *Cruz* was a Title VII action, I think the precept that the complaint "may encompass any kind of discrimination like or related to allegations contained in the charge growing out of the case before the commission" established in *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970) and detailed by Judge Arraj in *Taylor v. Safeway Stores, Inc.,* 333 F.Supp. 83, 85–86 (D.Colo.1971) is applicable here. Defendant avers that Ashton's

discrimination charge "made no claim of discriminatory evaluation," but I disagree. The EEOC charge gave general notice to defendant of the matter to be investigated and the allegations of the complaint "grow out of or are reasonably related to the Commission's investigation." *Taylor, supra*. The motion for summary judgment on this ground is denied.

■ Second, defendant contends that the EEOC is time barred from maintaining that the evaluations ratings given to plaintiff were a discriminatory act. Defendant argues that Ashton knew or should have known about the unlawful employment practice in 1978 and certainly no later than when he received his year-end evaluation for 1979, and because no charge was filed until April 2, 1980, these claims must now be barred. Plaintiff responds that the primary issues in this case are threatened demotion and forced early retirement, not the "performance" and "potential" ratings as stated by defendant, and it was defendant not plaintiff that put these ratings at issue in this action.

Defendant asserts that the filing of a charge within 180 days of the occurrence of the alleged discriminatory act represents a jurisdictional prerequisite of an age discrimination suit and cites *Law v. United Airlines, Inc.*, 519 F.2d 171 (10th Cir.1975) in support. I agree that this was the holding in *Law*, however, in ruling on this same issue the following year, the Tenth Circuit in *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260 (10th Cir.1976), aff'd by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) said:

> We do not contend that a filing of a notice of intent to sue is not a condition precedent to an action under the ADEA. However, the similarities between Title VII and the ADEA, the liberal reading of analogous time limitations in Title VII, the overly broad usage of the term 'jurisdictional' by courts interpreting section 626(d) and the ADEA, the remedial na-

ture of the legislation, and the lack of legal training and guidance for many of the ADEA complainants leads us to conclude that while section 626(d)(1)'s notice of intent-to-sue requirement cannot be waived, the 180-day time limitation should be interpreted as being subject to possible tolling and estoppel. (citations omitted) [1]

The Third Circuit in *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192 (1977) ruled that the 180 day filing period in an ADEA case does not begin to run until the employee knows, or as a reasonable person should know, that the employer had made a final decision to terminate him, and the employee ceases to render further services to the employer. *Bonham* held that it was improper to grant summary judgment where questions of fact exist on the issue of tolling of the 180-day notice requirement. It is also a question of fact that precludes summary judgment as to whether plaintiff (or Ashton in this action) slept on his rights for an unreasonable time after he should have discovered the unlawful employment practice and before commencing his age discrimination action. *Ott v. Midland-Ross Corp.*, 600 F.2d 24, 28 (6th Cir.1979). Plaintiff has questioned whether Ashton's evaluation was discriminatory and whether the "performance" and "potential" ratings were valid bases for selecting Ashton as one of the individuals to be demoted as part of the 1979 reduction in force. The Ninth Circuit has held that:

> A material issue of fact exists as to whether the employer's alleged dissatisfaction with the older employee's work was merely a pretext to conceal a motive to discriminate against him because of his age in violation of the ADEA.

*Haydon v. Rand Corp.*, 605 F.2d 453, 454 (9th Cir.1979). Because of the existence of genuine issues of material fact, the motion for summary judgment is denied.

1. In a footnote in that opinion, the court explained why this holding was not inapposite to its ruling in *Law v. United Airlines, supra.*

## MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL

█ Defendant moves to strike plaintiff's jury demand arguing that the ADEA does not provide a right to jury trial in actions brought by the EEOC. Both parties agree that a private plaintiff does have a right to a trial by jury under the statute. *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Plaintiff argues that because it is seeking primarily legal relief (monetary damages) on behalf of three individuals, the right to trial by jury is intact. It is axiomatic that the Seventh Amendment provides a right to jury trial of legal claims and not those based in equity. *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970); *Orenstein v. U.S.,* 191 F.2d 184, 189–90 (1st Cir.1951); *Donovan v. Home Lighting, Inc.,* 536 F.Supp. 604 (D.Colo.1982) (Kane, J.); *Howard v. U.S.,* 214 F.2d 759, 762 (10th Cir.1954).

The right to jury trial in an action by the EEOC under section 7(c)(2), 29 U.S.C. § 626(c)(2), of this Act was considered in my earlier opinion. 529 F.Supp. at 644. There, I ruled that plaintiff's demand for trial by jury would not be stricken. This issue has not been resolved by the Supreme Court, but, as counsel indicate, several district courts have ruled that there is a right to trial by jury in cases brought by the government under the ADEA. *EEOC v. Blue Star Foods, Inc.,* 22 E.P.D. ¶ 30820 (S.D.Iowa 1980); *EEOC v. Western Electric Co., Inc.,* 25 E.P.D. ¶ 31711 (E.D.Mich. 1981); *EEOC v. American Bakeries Co.,* 27 E.P.D. ¶ 32376 (E.D.Mo.1981); *EEOC v. Consolidated Edison Co.,* Civil Action No. 80 CIV 1292 (LBS) (S.D.N.Y., August 27, 1981—not yet reported); *EEOC v. Indian River Transport Co., Inc.,* 30 E.P.D. ¶ 33048 (D.C.Fla.1981). The motion to strike the demand for jury is denied.

## MOTION TO BIFURCATE

█ Defendant requests a bifurcation of the liability and damage issues in this case under Rule 42(b), F.R.Civ.P., if its motion to strike jury demand is granted. Because I denied the motion to strike, I need not address this motion and it is denied.

## MOTION IN LIMINE

█ Defendant's final motion is a motion *in limine* requesting an order precluding plaintiff from presenting certain evidence at trial relating to the impact of the reduction in force upon Ford offices other than the Denver District Sales Office. Defendant argues that the complaint and all discovery have been limited to the Denver office and if witnesses or evidence from other offices are presented, it will be required to defend against claims not at issue in this lawsuit. Plaintiff, defendant maintains, has presented only the claims of three individuals. The action is not concerned with how other people or other areas were affected by the reduction in force, and there is no claim of nationwide pattern and practice. Further, defendant argues that evidence of Ford's practice at offices other than the Denver office is not relevant but would be prejudicial under Rule 403 of the Federal Rules of Evidence. Plaintiff responds that it intends to prove that the nationwide reduction in force included a policy of age discrimination to which these individuals fell victim. To prove this policy, plaintiff will need to show that the demotions in Denver were not coincidental because similar occurrences took place in other cities. Additionally, the evidence in dispute is essential to plaintiff's case and there has been no showing by defendant of prejudice or confusion at trial. Finally, plaintiff argues that defendant's motion is untimely and if defendant had an objection to the taking of depositions of persons similarly effected by the reduction in force in New Jersey and elsewhere, it should have objected at the time of the depositions.

More than once before, plaintiff has attempted to go outside the Denver District Sales Office in an attempt to establish a nationwide pattern or policy of intentional and willful violations of the ADEA. Both the magistrate, by order of June 30, 1982, and I on a motion to reconsider the ruling of the magistrate have denied plaintiff per-

mission to go beyond the Denver office in its discovery. These orders will not be amended nor modified. All charges and claims in this action have been limited to the Denver District Sales Office and these three individuals and the scope will not at this late date be expanded and enlarged. The motion *in limine* is granted. It is therefore,

ORDERED that defendant's motion for partial summary judgment is denied, the motion to strike jury demand is denied, the motion to bifurcate the trial is denied, and the motion *in limine* is granted.